UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAY HAGINS,

Plaintiff,

v. Case No. 2:26-cv-2194-KCD-KRH

AMIRA D. FOX,

Defendant.
_______________________________/

**ORDER OF DISMISSAL**

Plaintiff Ray Hagins, an inmate at the Lee County Jail, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Because Hagins is a prisoner and seeks redress from an employee of a government entity, the complaint is before the Court on initial screening.[1]

Upon review, the Court concludes that this complaint must be dismissed because Hagins seeks monetary damages from a defendant who is immune from such relief.

[1] Under 28 U.S.C. § 1915A, the Court is required to review before docketing or "as soon as practicable after docketing," a civil complaint where a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity" and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b).

## I. Complaint

Hagins makes only a few allegations in his complaint. He lists one defendant (State Attorney Amira Fox) and claims the following:

> As of Feb. 14, 2025, State Attorney was aware of still pics (2) depicted from video footage, and prior history used for probable cause legalizing the arrest at first appearance. These pics from video footage were taken on Feb. 3, 2025, whereas, one pic is indicated as being 1:49 a.m. where the pic is sunlighted. I'm being illegally seized, up-held with illegal pics as evidence and fabricated reports.

(Doc. 1 at 3.) Hagins seeks $500,001 dollars of punitive damages against Defendant Fox in her individual capacity. (*Id.*)

## II. Discussion

Screening dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint may not rest on " 'naked assertions[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The few facts alleged in Hagins' complaint do not state a plausible claim. Indeed, he fails to even identify a constitutional right or legal principle underlying his allegations.

Generally, where it appears that a more carefully drafted complaint might state a claim, we may order a *pro se* plaintiff to amend his complaint if he wants to proceed. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (explaining that a pro se plaintiff is generally granted at least one opportunity to amend a complaint). However, amendment would be futile because Hagins seeks relief against an entity immune from suit. Therefore, the dismissal is without leave to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (recognizing that a district court need not allow amendment of a complaint where amendment would be futile).

The only defendant here is State Attorney Amira D. Fox. However, prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution." *Id.* This immunity includes when a prosecutor's "acts [are] undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v Fitzsimmons*, 509 U.S. 259, 273 (1993). The immunity applies even if the plaintiff believes the prosecutor acted wrongfully. *See*, *e.g.*, *Imbler v.*

*Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial). Hagins does not allege that any prosecutor acted outside his or her role as a state advocate when charging him with a crime. Rather, he merely disagrees with the quality of the evidence used to support his arrest. In short, he "seeks monetary relief from a defendant who is immune from such relief," which is grounds for dismissal under 28 U.S.C. § 1915A(b)(2).

Accordingly, it is now **ORDERED**:

1. Hagins' complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida on September 4, 2026

Kyle C. Dudek
United States District Judge